UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20080-CR-ALTMAN/REID

UNITED STATES OF AMERICA,

v.

JOSE ANTONIO RODRIGUEZ,
JORMAN JOSE GOITIA, and
DARIBEL SANCHEZ,

    Defendants.

_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

    This matter is before the Court upon the Honorable Roy K. Altman's Order of Referral [ECF No. 44], to conduct a Change of Plea Hearing by the Defendants in this case. The Court having conducted the Change of Plea Hearing on September 23, 2022, **RECOMMENDS** that the Defendants', Jose Antonio Rodriguez, Jorman Jose Goitia, and Daribel Sanchez (collectively the "Defendants"), change of pleas be accepted for the following reasons:

    1.    The Court convened a hearing to permit the Defendants to enter change of pleas. At the outset of the hearing, the Defendants were advised of their right to have these proceedings conducted by the District Judge assigned to their case. Additionally, it was explained that the District Judge assigned to this case would be the sentencing judge and conduct the sentencing hearing, and would make all findings and rulings concerning the Defendants' sentences, and whether to accept the Government's recommendations as to sentencing.

    2.    The Defendants were informed that they did not have to permit the Undersigned United States Magistrate Judge to conduct the Change of Plea Hearing and could request that the

Change of Plea Hearing be conducted by the District Judge assigned to the case. The Defendants, their attorneys, and the Government all consented on the record to the Undersigned conducting the Change of Plea Hearing.

3. The Court conducted a plea colloquy in accordance with Fed. R. Crim. P. 11.

4. The parties entered into a written plea agreement in this case. The Undersigned has reviewed the agreement on the record and had the Defendants acknowledge on the record that they signed and understood the plea agreement. The Defendants pleaded guilty as to Count 1 of the indictment, charging the Defendants with conspiracy to possess a controlled substance aboard a vessel in violation of 46 U.S.C. §§ 70506(b) and 70503(a)(1). The Government agreed to seek dismissal of Count 2, the only remaining count against the Defendants.

5. The Court ensured that the Defendants understood the terms of the plea agreement and the plea agreement represented, in its entirety, the understanding the Defendants have with the Government.

6. The Government stated on the record a factual basis for the entry of the plea that included all of the essential elements of the offense to which the Defendants are pleading guilty and any sentencing enhancement and/or aggravating factors that may be applicable. Specifically, the Court reviewed with the Defendants the Government's factual proffer, to assure that a factual basis for the entry of the pleas existed. The Defendants assented to the accuracy of the proffer and Defendants acknowledged their participation in the offense. Further, the Court reviewed with the Defendants the possible minimum and/or maximum penalties for the charged offenses. The Defendants acknowledged that they understood these possible penalties.

7. The Defendants acknowledged they reviewed the indictment, discussed the charges against them with their attorneys, were satisfied with the legal representation they had received, and had a full opportunity to discuss facts of the case with their attorneys.

8. Further, the Undersigned inquired into whether the Defendants had ever been treated for mental health or addiction issues, and whether they were under the influence of any prescribed or proscribed substances at the time of the Hearing. Based on the Defendants responses to these inquiries, the Court determined the Defendants were all competent and able to fully understand the proceedings.

9. Based upon the foregoing and the plea colloquy conducted by this Court, it is recommended that the Defendants be found to have freely and voluntarily pleaded guilty as to Count 1 of the Indictment and that the Defendants be adjudicated guilty of the offense charged.

10. A pre-sentence investigation is being prepared. Sentencing shall be set by separate Order and is now scheduled for December 13, 2022, at 11:00 a.m. before the District Judge.

## CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that the Defendants' guilty pleas be accepted, the Defendants be adjudicated guilty as to Count 1 of the indictment to which they have entered pleas of guilty, and that a sentencing hearing be conducted for final disposition of this matter.

Objections to this Report may be filed with the district judge within **fourteen** (14) days of receipt of a copy of the Report. Failure to timely file objections waives a party's right to review issues related to the Defendants' plea under Fed. R. Crim. P. 11 before the District Judge or the Court of Appeals. *See* Fed. R. Crim. P. 59(b)(1), (2); 11th Cir. R. 3-1; *Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

**SIGNED** this 23rd day of September, 2022.

*[signature: Lisette Reid]*

LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc:     **United States District Judge Roy K. Altman;**

**All Counsel of Record**